DECISION AND JUDGMENT ENTRY
{¶ 1} Jo Ann Coop appeals the decision of the Lucas County Court of Common Pleas granting summary judgment to St. Paul Mercury Insurance Company ("St. Paul.") Because we conclude that Coop's claim is excluded under the other owned auto exclusion, we affirm.
 {¶ 2} This action arises out of a claim for medical malpractice and two automobile collisions. In 1995, Jo Ann Coop had surgery on her cervical spine as a result of two disc bulges. She alleged that the medical care and diagnosis associated with the surgery fell below the standard of care and filed a medical malpractice action against several doctors. While that case was pending, Coop was involved in an automobile accident with Denna L. Cope. Coop voluntarily dismissed her pending action and filed a new complaint that along with her medical malpractice claims also included a claim for negligence against Cope as well as claims for underinsurance coverage against St. Paul and State Farm Mutual Automobile Insurance Company ("State Farm"). Coop then had a second auto accident in October 2000. She was granted leave to supplement her complaint to add a new negligence claim against the second driver.
 {¶ 3} St. Paul filed a motion for summary judgment arguing that Coop was not entitled to uninsured/underinsured motorist coverage ("UM/UIM") under the policy issued to her husband's employer. She filed a cross motion for summary judgment against St. Paul and filed a partial motion for summary judgment against St. Paul and State Farm on the issue of whether their policies needed to be exhausted before recourse was available with the Ohio Insurance Guaranty Association ("OIGA") for the medical malpractice claims. The trial court issued two judgment entries on October 18, 2002. The first granted St. Paul's motion for summary judgment and the second denied Coop's motion for partial summary judgment against State Farm.[1] The trial court entered a determination there was no just reason for delay.
 {¶ 4} Coop raises the following two assignments of error on appeal:
 {¶ 5} "1. As a matter of law, the trial court committed error prejudicial to the plaintiff-appellant, by entering a summary judgment in favor of St. Paul Fire Marine Insurance Company, the auto insurer of the employer of the plaintiff-appellant's husband, and against the plaintiff-appellant by concluding that the `other-owned vehicle' exclusion contained in the employer's commercial automobile insurance policy precluded coverage for her injuries sustained in a collision.
 {¶ 6} "2. As a matter of law, the trial court committed error prejudicial to the plaintiff-appellant, and favorable to St. Paul Fire Marine Insurance Company, when it determined that Revised Code § 3955.18 was inapplicable after an insurer claims divisibility of harm, but offers no proof in support of apportionment."
 {¶ 7} In her first assignment of error, Coop argues that she is an insured under the St. Paul policy issued to Promedica Health System and the Toledo Hospital, her husband's employer, pursuant to Scott-Pontzerv. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660 and Ezawa v.Yasuda Fire Marine Ins. Co. of Am. (1999), 86 Ohio St.3d 557. St. Paul contends that its policy language differs from that ofScott-Pontzer and Ezawa and that Coop does not qualify as an insured. The trial court concluded that although Coop qualified as an insured under the policy, the exclusion within the UM/UIM endorsement applied since she was driving her own personal auto at the time of the accident.
 {¶ 8} A review of the trial court's granting of summary judgment is de novo, and thus, we apply the same standard as the trial court.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 9} The policy in both Scott-Pontzer and in Ezawa defined an insured for purposes of UM/UIM as follows:
 {¶ 10} "B. WHO IS AN INSURED
 {¶ 11} "1. You.
 {¶ 12} "2. If you are an individual, any `family member.'
 {¶ 13} "3. Anyone else `occupying a covered `auto' or a temporary substitute for a covered `auto.' The covered `auto' must be out of service because of its breakdown, repair, servicing, loss or destruction.
 {¶ 14} "4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured.'"
 {¶ 15} In Scott-Pontzer, the Supreme Court of Ohio concluded that "you," which referred solely to a named insured corporation, should be interpreted to include employees of that corporation because since a corporation can only act through its employees, UM/UIM coverage would be "meaningless" otherwise. Scott-Pontzer, 85 Ohio St.3d at 664. UM/UIM coverage was extended to family members of corporate employees in Ezawa when the Ohio Supreme Court, without opinion, reversed on the authority of Scott-Pontzer. Ezawa, 86 Ohio St.3d at 558. It appears that the Supreme Court of Ohio determined that because employees were insured under the policy, the employee's family members are also insureds because of the use of the "family member" language in that policy's definition of "insureds." Blankenship v. Travelers Ins. Co., 4th Dist. No. 02CA693,2003-Ohio-2592 at ¶ 34. Ezawa, however, does not include family members of the employee within the definition of "insured" every time aScott-Pontzer ambiguity exists. Id.
 {¶ 16} St. Paul argues that Coop is not an insured and that its policy language differs from Scott-Pontzer because its policy requires that an individual be named on the introduction page in order for the individual's family members to be insured. We agree with the trial court, however, that the holdings of Scott-Pontzer and Ezawa must be applied here. St. Paul's policy identifies the named insureds on the introduction page as a list of corporations. Its UM/UIM policy provides that "We'll pay damages you and other persons protected under this agreement are legally entitled to collect from the owner or driver of an uninsured or underinsured vehicle if the damages result from an accident that caused bodily injury to a protected person or property damage." The UM/UIM endorsement defines an insured as follows:
 {¶ 17} "Who is Protected Under This Agreement
 {¶ 18} "Individual. You are protected. Also, if you are named in the introduction as an individual, you and your family members are protected persons.
 {¶ 19} "Family members means persons who are related to you by blood, marriage or adoption and live in your home. A ward or foster child who lives with you is also considered to be a family member.
 {¶ 20} "Anyone else in a covered auto. Anyone else while in an auto that's a covered auto or a temporary substitute auto is protected. * * *" (Bold and italics in original.)
 {¶ 21} Because the St. Paul policy utilizes the word "you" in the manner in which the Ohio Supreme Court found to be ambiguous inScott-Pontzer, Coop's husband, as an employee of the Toledo Hospital, is an insured. Because the policy by its own terms also provides that family members of individuals are insureds, Coop herself is an insured under the St. Paul policy.
 {¶ 22} Even though she is an insured under the policy, Coop is not entitled to coverage because she was not occupying a covered auto. The St. Paul policy contains the following exclusion:
 {¶ 23} "Exclusions — Claims We Won't Cover
 {¶ 24} "* * *
 {¶ 25} "Other autos. We won't cover:
 {¶ 26} "bodily injury to you if you are injured or struck by an auto you own which is not a covered auto under this agreement;
 {¶ 27} "bodily injury to any family member who is injured in or struck by an auto the family member owns which is not a covered auto under this agreement; or
 {¶ 28} "bodily injury to any family member who is injured in or struck by an auto you own which is not a covered auto under this agreement."
 {¶ 29} The "Auto Coverage Summary" section of the St. Paul policy indicates that UM/UIM motorists protection is provided for any owned auto. The "Which Autos Are Covered" section of the UM/UIM endorsement defines "Any owned auto" as follows: "If this is shown in the Coverage Summary, we'll cover any auto that you own." While "You" is defined on the Introduction page of the policy to mean "the insured named [herein]," which includes the Toledo Hospital among the corporations listed, by operation of Scott-Pontzer, "you" is also to include the employees of the Toledo Hospital. Neither Scott-Pontzer nor Ezawa, however, suggested that family members of employees came within the definition of "you." Uzhcav. Derham, 2nd Dist. No. 19106, 2002-Ohio-1814 at ¶ 42. They were added as insureds because of other language in the policy. Thus, although the definition of "insured" includes employees and their family members, the definition of "you" includes only the employees.
 {¶ 30} Because the term "you" must be applied consistently throughout the policy, under the terms of the policy, "covered auto" includes autos owned by the employees, but it does not include autos owned by family members. See, Id. Since Coop was injured while driving an auto titled in her name rather than one owned by her husband (ie. "you"), she was not in a covered auto at the time of her accident. As a result, Coop is excluded from coverage under the St. Paul policy. The trial court, therefore, did not err by granting summary to St. Paul.[2]
The first assignment of error is overruled.
 {¶ 31} Coop's second assignment of error concerns the denial of her motion for partial summary judgment against St. Paul and State Farm asking for a determination that the St. Paul and State Farm insurance policies be found to be "other policies" under R.C. 3955.13(A) and be exhausted before recourse exists with the OIGA. The trial court's judgment entry filed October 18, 2002 decided the partial summary judgment motion against State Farm only, noting that St. Paul was dismissed from the action. On December 10, 2002, this court dismissed the part of Coop's appeal pertaining to the denial of her motion for partial summary judgment since it was not a final, appealable order. We conclude, therefore, that the second assignment of error is not properly before this court at this time. Even if it were, our resolution of the first assignment of error determines this one. Since we have concluded that Coop's claim is excluded from the St. Paul policy, there is nothing to exhaust. Coop's second assignment of error would be overruled.
 {¶ 32} Upon consideration, we find that substantial justice was done the party complaining. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., and Judith Ann Lanzinger, J., CONCUR.
Arlene Singer, J., dissents.
[1] We determined that the judgment entry denying Coop's motion for partial summary judgment was not a final appealable order; State Farm is not a part of this appeal.
[2] In their briefs, counsel indicate that our decision in Geren v.Westfield Ins. Co., 6th Dist. No. L-01-1398, 2002-Ohio-1230, is in conflict with our decision in Kasson v. The Cincinnati Ins. Co., 6th Dist. No. L-01-1432, 2002-Ohio-3022. The position we are taking in this decision to read "you" consistently has been utilized by several other appellate districts. See, Niese v. Maag, 3rd Dist. No. 12-02-06, 2002-Ohio-6851; United Ohio Co. v. Bird (May 18, 2001), 5th Dist. No. 00CA31; Shaw v. State Farm Ins. Co., 8th Dist. No. 80471, 2002-Ohio-5330; Mazza v. American Continental Ins. Co., 9th Dist. No. 21192, 2003-Ohio-360.